UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                            ::
UNITED STATES OF AMERICA,                         :        03 CR 1368 (ARR)
                                                            :
                                                            :        NOT FOR
         -against-                                          :        PUBLICATION
                                                            :
GARY LALL,                                                  :        OPINION AND ORDER
                                                            :
                        Defendant.                          :
                                                            :
------------------------------------------------------------------- X

ROSS, United States District Judge:

    I have received the Report and Recommendation on the instant case dated May 6, 2005 from the Honorable Roanne L. Mann, United States Magistrate Judge. Defendant has objected to Magistrate Judge Mann's report, arguing that "[a]s a matter of fact and law, Gary Lall did not make a knowing, intelligent, and voluntary waiver of his Miranda rights." Defendant further objects on the ground that "Lall's consent to search was not knowing, intelligent and voluntary." With respect to the motion to suppress physical evidence, defendant contends that he "was never informed that he had a right not to consent to the search that was conducted."

    At defendant Lall's suppression hearing, law enforcement officers testified that Lall was given his Miranda rights twice. The witnesses further testified that Lall waived his rights twice, orally at the time of his arrest and in writing later in the morning of November 25, 2003, the day he was arrested. Finally, the witnesses testified that the defendant communicated with them in English and that they had no difficulty understanding him. Judge Mann credited the testimony of these witnesses. The defendant did not testify at the hearing, and nothing in the record undermines the witness's testimony. As a result, the court concludes that the

1

government has carried its burden of proving by a preponderance of the evidence that the defendant's waiver of his Miranda rights was knowing, voluntary, and intelligent.

As for the motion to suppress physical evidence, Special Agent D'Allesandro testified at the hearing that defendant Lall consented to the search of a second apartment at 117-46 123rd Street in Jamaica, Queens, for which law enforcement officers did not have a search warrant. Agent D'Allesandro testified that the defendant gave his consent to the search of that residence during the course of the search of his primary residence, for which the officers did have a search warrant, indicating that the officers would find a quantity of marijuana in a bedroom closet. The defendant signed a consent to search form with respect to the Jamaica residence. While defendant contends that he was not informed of his right to refuse consent, the Supreme Court has rejected a per se rule requiring that a defendant be explicitly notified of his right to refuse consent to a search in order for consent to be valid. Rather, the Court has made clear that knowledge of the right to refuse consent is one factor to be taken into account in determining the validity of consent. Ohio v. Robinette, 519 U.S. 33, 39 (1996) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)). Having considered the circumstances about which the witnesses testified at the suppression hearing, and noting again both that Judge Mann credited their testimony and that their testimony was unimpeached, the court concludes that the government has proven that defendant Lall's consent to search was knowing, intelligent, and voluntary.

Having conducted a de novo review of the record, I hereby adopt the Report and Recommendation as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the court denies defendant's motion to suppress post-arrest statements and physical evidence.

SO ORDERED.

                                                                                _____
                                                                                Allyne R. Ross
                                                                                United States District Judge

Dated: May 16, 2005
       Brooklyn, New York

SERVICE LIST:

    <u>Attorney for United States</u>
    Steven Leo D'Alessandro
    U.S. Attorneys Office, E.D.N.Y.
    147 Pierrepont Plaza
    Brooklyn, NY 11201

    <u>Attorney for Defendant Gary Lall</u>
    Mel A. Sachs
    531 West 19th Street
    New York, NY 10011


**cc:** **Magistrate Judge Roanne L. Mann**