D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

UNITED STATES OF AMERICA,

- against -

GARY LALL,

Defendant,

------------------------------------------------------- X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

03 CR 1368 (ARR)

ROSS, UNITED STATES DISTRICT JUDGE:

On June 10, 2005, defendant Gary Lall, together with his co-defendants, Richard Pitcher, Anthony Gulston, and Raphael Rodriguez, were convicted by jury verdict of various counts of an indictment charging conspiracies to import and possess with intent to distribute controlled substances. Since the inception of the case in December of 2003, Mr. Lall has been represented by Mel Sachs, Esq.[1] Some eight months after the verdict, by letter dated February 15, 2006, Gail Gray, Esq. advised the court that "[o]n this date, I enter the proceeding, as substitute counsel, on behalf of Mr. Gary Lall." Ms. Gray's letter also seeks a judgment of acquittal on each count against Mr. Lall pursuant to Rule 29, Fed. R. Crim. P. Upon receiving Ms. Gray's letter,

---

[1] On December 12, 2005, four days before an evidentiary hearing involving an issue concerning the sentencing of more than 20 defendants originally indicted together in this case, including Mr Lall, Gail Gray, Esq. wrote indicating her intention to file a Notice of Appearance on Mr. Lall's behalf and asking that I postpone the scheduled evidentiary hearing for an unstated period of time to give her an opportunity to acquire and review the trial transcript. I ordered that the application for substitution of counsel would be denied unless counsel were prepared to adhere to the existing schedule. On the day of the hearing, Ms. Gray wrote that she could not adhere to the court's schedule and would not seek substitution. Mr. Sachs continued his representation of Mr. Lall.

1

on February 17, 2006, the government promptly responded that, should the court permit substitution of counsel, Mr. Lall's Rule 29 motion should be denied without consideration of the merits as it is untimely under Rules 29(c) and 45(b), Fed. R. Crim. P. I agree with the government and dismiss the motion as untimely.

As indicated, on June 10, 2005, the jury returned its verdict in this case convicting Mr. Lall and his three co-defendants. On that date, only one of the four defendants, Raphael Rodriguez, expressed an interest in filing a post-verdict motion under Rule 29. As I wished to proceed with any post-verdict motion in an expeditious fashion, I established a briefing schedule requiring the defendant's filing of a written Rule 29 motion within 7 days, by June 17, and the government's response as early as possible during the week of June 20th. Thereafter, I granted defense counsel's request for a three day extension, to June 20, 2005, and the government filed its answering brief on June 25, 2005. The motion was decided by opinion and order dated July 11, 2005. On the day of the verdict, the only other attorney who expressed a possible interest in filing a post-trial motion was counsel to Mr. Gulston, but no such motion was forthcoming. At no time before Ms. Gray's February 15, 2006 letter did Mr. Lall or his counsel indicate an intention to bring a post-trial motion.

Ms. Gray contends that a Rule 29 motion on behalf of Mr. Lall is timely, citing <u>Eberhart v. United States</u>, 126 S. Ct. 403, 406 (2005), and <u>United States v. Robinson</u>, 430 F. 3d 537 (2d Cir. 2005). Such reliance is misplaced. As the Second Circuit explained in <u>Robinson</u>, <u>Eberhart</u> clarified that the time restriction for new trial motions specified in Rule 33, when read in conjunction with Rule 45, was not "jurisdictional", but was rather a claim processing rule that was subject to forfeiture by waiver. In <u>Eberhart</u> and <u>Robinson</u>, although defendants' motions

2

were at least technically untimely under the rules, the government opposed the motions on the merits; it did not argue untimeliness in Robinson until a motion for reconsideration after the district court's grant of a new trial, and did not do so in Eberhart until appeal. In both cases, the government was held to have forfeited its objection to the untimeliness of the motion by failing to raise the objection in a timely fashion.

No such forfeiture has occurred here. By letter dated only two days after Ms. Gray's letter, and some eight months after Mr. Lall's conviction, the government took the unsurprising position that the motion was untimely, reserving its rights to respond on the merits only if the court disagreed. Moreover, the Rule 29 motion of the only co-defendant who timely sought relief, Raphael Rodriguez, was briefed and decided in expedited manner, in conformity with the court's scheduling requirements. There is no basis in the record for the claim that the government waived its right to a timely motion as regards Mr. Lall, nor does Ms. Gray even advance such an argument. Accordingly, the motion will not be entertained.[2]

With regard to Ms. Gray's Notice of Appearance on behalf of Mr. Lall, counsel is advised that the time for sentencing submissions in this case has long since expired, and Mr. Sachs has made a timely sentencing submission on behalf of Mr. Lall. Nonetheless, I will permit the substitution of counsel, but only if all sentencing submissions are served on the government and filed with the court within seven days of this order, specifically, by March 14, 2006. I will not accept any submission after that date, nor will I first entertain at sentencing arguments that should have been the subject of a written submission. The government's response, if any, must

---

[2] By amendments taking effect December 1, 2005, Rules 29 and 45 now permit the court to extend the 7 day time limit of Rule 29(c) even after the time expires upon a showing of "excusable neglect." No such showing has been – or could be – made in this case.

3

be served and filed by March 18, 2006.

Dated: Brooklyn, New York
         March 7 , 2006

                                                    _____
                                                    Allyne R. Ross
                                                    United States District Judge

**COPIES WILL BE FORWARDED TO PARTIES LISTED BELOW VIA REGULAR MAIL AND FACSIMILE**

>Michael Ramos
>Assistant U.S. Attorney
>Eastern District of New York
>147 Pierrepont Plaza
>Brooklyn, NY 11201

>Steven D'Allesandro
>Assistant U.S. Attorney
>Eastern District of New York
>147 Pierrepont Plaza
>Brooklyn, NY 11201

>Gail Gray, Esq.
>770 Broadway
>Second Floor
>New York, NY 10003

>Mel A. Sachs, Esq.
>52 Duane Street
>New York, NY 10007