TES DISTRICT COURT
STRICT OF NEW YORK
----------------------------x
ES OF AMERICA
        -v-

GARY LALL
----------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-03-1368(ARR)
GAIL GRAY, ESQ
770 BROADWAY, 2nd fl.
New york, new york 10003
Defendant's Attorney & Address

THE DEFENDANT:
XXX was found guilty on counts one, two, three, four and five of the superseding indictment a plea of not guilty.
Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a), 963, 960(a)(1) & 960(b)(1)(B) | CONSPIRACY TO IMPORT FIVE KILOGRAMS OR MORE OF COCAINE. | ONE (1) |
| 21 USC 846, 841(a)(1) & 841(b)(1)(A) | CONSPIRACY TO DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE FIVE KILOGRAMS OR MORE OF COCAINE. | TWO (2) |
| 21 USC 952(a), 963, 960(a)(1) & 960(b)(1)(B) | CONSPIRACY TO IMPORT FIVE KILOGRAMS OR MORE OF COCAINE & 50 KILOGRAMS OR MORE OF MARIJUANA. | THREE (3) |
| 21 USC 846, 841(a)(1) & 841(b)(1)(A) | CONSPIRACY TO DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE FIVE KILOGRAMS OR MORE OF COCAINE & 50 KILOGRAMS OR MORE OF MARIJUANA. | FOUR (4) |
| 21 USC 841(a)(1) & 841(b)(1)(B) | DISTRIBUTION & POSSESSION WITH INTENT TO DISTRIBUTE FIVE GRAMS OR MORE OF COCAINE BASE. | FIVE (5) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
___ The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).
XXX Remaining counts are dismissed on the motion of the United States.
XXX It is ordered that the defendant shall pay to the United States a special assessment of $500.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____

Defendant's Date of Birth 2/15/73

Defendant's Mailing Address:

10-29 BAY 31st STREET

FAR ROCKAWAY, NEW YORK 11691

APRIL 11, 2006
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

APRIL 11, 2006
Date

IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two hundred ten (210) months. All counts of the superseding indictment are to run concurrently.

__XXX__  The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFT BE HOUSED AT THE FORT DIX FACILITY.

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.
3) DEFT SHALL COMPLY WITH THE ORDER OF FORFEITURE.

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: GARY LALL
Case Number: CR-03-1368 (ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 500.00 , consisting of a fine of $ N/A and a special assessment of $ 500.00 .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                        ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA,
             Plaintiff,
                                           03 CR 1368


         versus            United States Courthouse
                           225 Cadman Plaza East
                           Brooklyn, N.Y.  11201
GARY LALL,

             DEFENDANT.

-----------------------------------x

                                      April 11,  2006
                                      2:55 p.m.
         TRANSCRIPT OF SENTENCE
Before:  HON. ALLYNE R. ROSS,
                               DISTRICT COURT JUDGE

                    APPEARANCES

ROSLYNN R. MAUSKOPF
United States Attorney - Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York   11201
         MICHAEL RAMOS, ESQ.


Assistant United States Attorney

ATTORNEY FOR DEFENDANT:

GAIL GRAY, ESQ.



Court Reporter:   ALLAN R. SHERMAN, CSR, RPR
                  225 Cadman Plaza East Rm 374
                  Brooklyn, New York  11201
                  Tel: (718) 260-2529  Fax: (718) 254-7237


Proceedings recorded by mechanical stenography, transcription
by CAT.
```

1  THE COURT: Thank you.

2  Although I do agree with the government that there
3  is a basis from the evidence to draw an inference that
4  defendant's involvement in the narcotics importation at John
5  F. Kennedy Airport exceeded 150 kilograms of cocaine, there is
6  absolutely no doubt at all that it exceeded 50 kilograms of
7  cocaine.

8  The evidence at trial overwhelmingly supports the
9  conservative inference that defendant was involved in an
10 importation of at least 50 to 150 kilograms of cocaine and
11 therefore amply supports a base offense level of 36.

12 The evidence also amply supports the conclusion that
13 the defendant was on organizer or leader of a scheme involving
14 five or more participants, specifically including himself,
15 pitcher, Sandy, Hall, Cleveland Green, Williams, Dennis
16 Gullston, Lopez and others.

17 This warrants a role enhancement of four levels
18 under 3B1.1(a). In this regard I believe that the
19 government's letter at pages 9 to 10 accurately summarizes the
20 trial evidence on this issue in terms of the extent of the
21 decision-making authority defendant exercised, the nature of
22 his participation in the offense, his recruitment of multiple
23 accomplices, the-degree of his participation in the planning
24 of the importations, the scope of the Lall activity and
25 the-degree of control and authority he exercised over others.

1  THE COURT: Thank you.

2  Although I do agree with the government that there
3  is a basis from the evidence to draw an inference that
4  defendant's involvement in the narcotics importation at John
5  F. Kennedy Airport exceeded 150 kilograms of cocaine, there is
6  absolutely no doubt at all that it exceeded 50 kilograms of
7  cocaine.

8  The evidence at trial overwhelmingly supports the
9  conservative inference that defendant was involved in an
10 importation of at least 50 to 150 kilograms of cocaine and
11 therefore amply supports a base offense level of 36.

12 The evidence also amply supports the conclusion that
13 the defendant was on organizer or leader of a scheme involving
14 five or more participants, specifically including himself,
15 pitcher, Sandy, Hall, Cleveland Green, Williams, Dennis
16 Gullston, Lopez and others.

17 This warrants a role enhancement of four levels
18 under 3B1.1(a). In this regard I believe that the
19 government's letter at pages 9 to 10 accurately summarizes the
20 trial evidence on this issue in terms of the extent of the
21 decision-making authority defendant exercised, the nature of
22 his participation in the offense, his recruitment of multiple
23 accomplices, the-degree of his participation in the planning
24 of the importations, the scope of the Lall activity and
25 the-degree of control and authority he exercised over others.

Accordingly, I find an adjusted offense level of 40 with a criminal history category of one, carrying under the guidelines a range of imprisonment of 292 to 365 months.

I've considered the advisory guideline but I do not intend to sentence within it. That is because under the statutory sentencing factors enumerated in Section 3553(a) as applied to the facts and circumstances of this case, I believe a sentence moderately lower than that called for by the advisory guideline is sufficient but no more severe than necessary to satisfy the statutory goals of sentencing.

At the outset, there is very little about the nature and circumstances of the offense that mitigates the seriousness of defendant's criminal conduct. In fact, although I denied the government's request for a two level guidelines enhancement for abuse of position of trust, I find that the government had failed to adduce evidence to find by a preponderance that law enforcement authorities had taken steps to repose trust in defendant within the technical meaning of the guideline. There is no question that defendant took advantage of his job position at the airport in committing these most serious offenses and that his job was a highly sensitive one due to the enhanced societal dangers posed by corruption at a major international port or airport such as John F. Kennedy International Airport.

In arriving at an appropriate sentence under the

sentencing statute, I view this fact as exacerbating the seriousness of defendant's conduct.

On the other hand, I note that unlike many narcotics importation and distribution conspiracies, no dangerous weapons were used in furtherance of the conspiracy, nor was there any violence.

Turning to the history and characteristics of the defendant, the instance offense represents defendant's only arrest and/or conviction.

The defendant is married with two children, ages one and three. And the letters submitted by defense counsel attest to the support and caring for the defendant of his immediate and extended family.

The defendant is not a citizen. He is a permanent resident from the Dominican Republic. It is virtually certain that upon release from incarceration, defendant will be deported to the Dominican Republic.

Given all the facts and circumstances of defendant's history and criminal conduct -- it's Guyana, I apologize.

MS. GRAY: It's Trinidad.

THE COURT: Trinidad. Sorry.

He is a permanent resident of Trinidad. I apologize. Given all the facts and circumstances of defendant's history and criminal conduct, I believe that a term of imprisonment of 210 months would suffice without being

16

unduly severe to meet statutory goals of just punishment, deterrence and protection of the public.

It is, I believe, an extremely severe sentence and is thus one called for by the undeniable seriousness of defendant's criminal conduct. As the defendant will be approximately 50 years old by the time he is released from incarceration and will no doubt then be deported, I'm confident that coupled with the extreme severity of the sentence, 210 months is also ample to meet statutory goals of general and specific deterrence.

In this regard, I believe this term of imprisonment is of sufficient severity to serve as a deterrent to other airport employees who might otherwise succumb to the temptation to corrupt their sensitive positions for pecuniary or other personal gain.

Therefore, on counts one through five, I sentence Mr. Lall to the custody of the Attorney General for a period of 210 months to run concurrently to be followed by a five year period of supervised release and I am also imposing a forfeiture of $26,708.

Is that correct?

MR. D'ALESSANDRO: $26,708.

THE COURT: If deported, a special condition that the defendant not illegally reenter the United States, and the defendant must comply with the order of forfeiture. I also

prohibit the possession of a firearm.

In view of the forfeiture, I make a finding that he is unable to pay a fine but I will impose the mandatory 500-dollar special assessment.

Are there any underlying --

MR. D'ALESSANDRO: The defendant was convicted of all counts.

THE COURT: That was the superseding indictment, so I will dismiss the prior --

MR. D'ALESSANDRO: The underlying indictment.

THE COURT: Mr. Lall, as you understand it, you have the right to appeal both your conviction and your sentence.

A notice of appeal must be filed within 10 days. If you couldn't afford a lawyer to represent you on appeal, a lawyer would be appointed to represent you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Does Mr. Lall have any requests in term of designation?

MS. GRAY: He asks for Fort Dix, judge.

THE COURT: I will request it.

MS. GRAY: Thank you so much.

MR. D'ALESSANDRO: The government would just note its objection to the sentence to the point that it's not consistent with the guidelines.

THE COURT: I understand.

United States District Court   Eastern District of New York

1     MR. D'ALESSANDRO:  Thank you.

2         (Matter concluded.)

ALLAN R. SHERMAN, CSR, RPR   Official Court Reporter
United States District Court   Eastern District of New York