UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary Lall,<br><br>                    Petitioner<br><br>— against —<br><br>United States of America,<br>                    Defendant. | 03-CR-1368 (ARR)<br><br>**Opinion & Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

Pro se petitioner Gary Lall has filed a motion for a sentence reduction under 18 U.S.C. § 3582(c), based on the 2014 amendment to the Sentencing Guidelines reducing the offense level for some drug offenses. Lall's Mot. for Modification of Sentence ("Mot."), ECF no. 602. In this motion, Lall also contests my finding that he was responsible for conspiracy to import 50 to 150 kilograms of cocaine, arguing (a) that this finding violated *Apprendi* because the jury only convicted him of conspiracy to import and conspiracy to possess with intent to distribute five or more kilograms of cocaine, and (b) that this finding was impermissible as it was based on the total conspiracy rather than an individualized finding as to his culpability. *Id.* at 3–4.

As an initial matter, I cannot reduce Lall's sentence because I already sentenced him to less than the minimum of his amended guidelines range.

At Lall's original sentencing, I varied below the guidelines range of 292 to 365 months, sentencing him to 210 months of imprisonment. Tr. of April 11, 2006 Sentencing ("Sentencing Tr."), at 14–16, ECF no. 421; *see also* J. at 2, ECF no. 421. Then, in 2014, the U.S. Sentencing Commission adopted Amendment 782 to the Guidelines, which lowered the offense levels for certain drug offenses. This amendment reduced by two the offense level set forth in the Drug Quantity Table for Lall's offense. *See U.S. Sentencing Guidelines* §2D1.1(c) (U.S. Sentencing

Comm'n 2016) ("USSG"). As a result, his base offense level is now 34, instead of 36. *Compare id.* §2D1.1(a)(5), *with* Sentencing Tr. at 13. As I found that a four-level role enhancement applied and his criminal history category was one, Sentencing Tr. at 13–14, if Lall was sentenced today his adjusted offense level would be 38–instead of 40—and his guidelines range of imprisonment would be 235 to 293 months—instead of 292 to 365 months. *See* USSG Ch. 5 Pt. A.

Because I sentenced Lall to less than 235 months, however, this helps him not. Congress has provided that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment . . . *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). The Sentencing Commission, in turn, has stated that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant benefited from a government substantial assistance motion. USSG § 1B1.10(b)(2); *see also id.* cmt. n.3. Since Mr. Lall's sentence of 210 months is less than 235 months–the bottom of the amended guidelines range—and he did not provide substantial assistance, I cannot reduce his sentence under 18 U.S.C. § 3582(c). *See Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."); *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (same).

Petitioner's other two challenges to his sentence fail because they cannot be brought by a motion for a sentence reduction under 18 U.S.C. § 3582(c). "§ 3582(c)(2) does not authorize a [plenary] resentencing. Instead, it permits a sentence reduction within the narrow bounds

established by the Commission. . . . Because the aspects of his sentence that [Lall] seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2)." *Dillon*, 560 U.S. at 831.

These challenges also fail on the merits. Lall's contention that "judicial fact findings under a preponderance of the evidence standard implicates [his] Sixth Amendment rights as defined by *Apprendi*," Mot. at 3, is correct, but this precise problem is why the Supreme Court made the sentencing guidelines advisory, rather than mandatory, in *United States v. Booker*. 543 U.S. 220 (2005). Under *Booker*, a judge rather than a jury may find facts relevant to sentence without violating the Sixth Amendment so long as the resulting guidelines range is advisory. *Id.* at 245. That I found Mr. Lall responsible for 50 to 150 kilograms of cocaine, rather than the five or more kilograms he was convicted of by the jury, therefore poses no *Apprendi* issue. And Lall's second argument—that I "failed to make any individualized findings as to what amount of cocaine was attributed to [him]," Mot. at 3—is belied by the sentencing transcript. In fact, I specifically found that the defendant was *personally* involved in importing over 50 kilograms of cocaine. Sentencing Tr. at 13 ("Although I do agree with the government that there is a basis from the evidence to draw an inference that the defendant's involvement in the narcotics importation at John F. Kennedy Airport exceeded over 150 kilograms of cocaine, there is absolutely no doubt at all that it exceeded 50 kilograms of cocaine.")

For the foregoing reasons, petitioner's motion is denied in its entirety.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: March 2, 2018
Brooklyn, New York